UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIA PACHECO and MICHAEL MCLAUGHLIN,

            Plaintiffs,

- against -

ARCH INSURANCE COMPANY and ARCH SPECIALTY INSURANCE COMPANY,

            Defendants.

**ORDER**

19 Civ. 277 (PGG)

---

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiffs Maria Pacheco and Michael McLaughlin bring this action against Defendants Arch Insurance Company and Arch Specialty Insurance Company ("Arch Specialty"). Plaintiffs seek a declaratory judgment, and raise claims for subrogation, unjust enrichment, and contribution in connection with an insurance dispute. The Complaint was filed in the Supreme Court of the State of New York, New York County, and Defendants removed the action to this Court. Plaintiffs now move to remand. For the reasons set forth below, Plaintiffs' motion to remand will be granted.

## BACKGROUND

        Plaintiffs are citizens of Florida. (Notice of Removal (Dkt. No. 1) ¶ 5) The Complaint alleges that Arch Insurance Company is a citizen of Missouri and New York, and that Arch Specialty is a citizen of Nebraska and New York. (Cmplt. (Dkt. No. 1-1) ¶¶ 1-2) In their January 10, 2019 Notice of Removal, Arch Insurance Company and Arch Specialty assert that they are citizens of Missouri and New Jersey. (Notice of Removal (Dkt. No. 1) ¶¶ 8-9). Plaintiff voluntarily dismissed as to Arch Insurance Company on July 22, 2019. (Dkt. No. 21)

In 2003, J. Petrocelli Construction, Inc. ("Petrocelli") was serving as the general contractor for certain work being performed at Shea Stadium in Queens, New York. (Cmplt. (Dkt. No. 1-1) ¶ 9) On February 12, 2003, Petrocelli and Sterling Mets, L.P. ("Sterling") entered into a maintenance contract for work at the stadium. (Id. ¶ 11, Notice of Removal (Dkt. No. 1) ¶ 6) The maintenance contract required Petrocelli to "cause its insurers to name Sterling as an additional insured until the completion of Petrocelli's work." (Cmplt. (Dkt. No. 1-1) ¶ 11)

At the time, Petrocelli held a "commercial general liability [insurance] policy" issued by Arch Insurance Company, and a "commercial umbrella [insurance] policy" issued by Arch Specialty. (Id. ¶¶ 5-8) For its part, Sterling held a "commercial umbrella [insurance] policy" issued by National Union Fire Insurance Company of Pittsburg, P.A. ("National Union"). (Id. ¶ 21)

On June 4, 2003, Plaintiff McLaughlin was working as an electrician at Shea Stadium, and he sustained an accidental injury at that time. (Id. ¶¶ 13-14) The Complaint alleges that "McLaughlin's injury arose out of or had connection to Petrocelli's work as general contractor." (Id. ¶ 15) Plaintiffs McLaughlin and Pacheco[1] sued Sterling in Supreme Court of the State of New York, Queens County, for violations of the New York Labor Law related to the accident, and won a $3.85 million jury verdict. (Id. ¶¶ 13, 22)

Sterling sought additional insurance coverage from Arch Insurance Company and Arch Specialty in connection with the accident, but both companies disclaimed "any duty to defend or indemnify Sterling because Sterling's notice [of Plaintiff's lawsuit] was late." (Id. ¶¶ 16-17)

---

[1] The Complaint does not disclose the relationship between Plaintiff Pacheco and Plaintiff McLaughlin, nor does it explain why Pacheco was a plaintiff in the underlying case.

2

Sterling paid $1.175 million to Plaintiffs in partial satisfaction of the judgment. (Id. ¶ 24) "Plaintiffs subsequently entered into a settlement agreement with National Union, pursuant to which National Union agreed to pay to Plaintiffs $2.4 million and assign to Plaintiffs all claims and rights that it has against [Arch Insurance Company and Arch Specialty]." (Id. ¶ 25) The Complaint further alleges that Plaintiffs are assignees of Sterling's rights against Arch Insurance Company and Arch Specialty. (Id. ¶ 34)

On August 23, 2018, Plaintiffs filed the Complaint in Supreme Court of the State of New York, New York County, against Arch Insurance Company and Arch Specialty. (Notice of Removal (Dkt. No. 1) ¶ 1) On January 1, 2019, Defendants removed this action to federal court (id.), and on February 7, 2019, Plaintiffs moved for a remand to state court. (Dkt. No. 10)

## DISCUSSION

### I.     LEGAL STANDARD

"An action which was originally filed in state court may be removed by a defendant to federal court only if the case could have been originally filed in federal court." Hernandez v. Conriv Realty Assocs., 116 F.3d 35, 38 (2d Cir. 1997) (citing 28 U.S.C. § 1441(a)). "A district court has diversity jurisdiction over any civil action where complete diversity exists between the parties and the amount in controversy exceeds $75,000." Pu v. Russell Publ'g Grp., Ltd., No. 15-CV-3936 (VSB), 2015 WL 13344079, at *3 (S.D.N.Y. Dec. 29, 2015) (citing 28 U.S.C. § 1332(a)). Under the forum defendant rule, however, "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

"[R]emoval statutes are to be strictly construed against removal and in favor of remand," Burton v. Pauv, No. 90 Civ. 4688 (JFK), 1990 WL 160893, at *1 (S.D.N.Y. Oct. 16,

3

1990) (citation omitted), and "[o]n a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper," Hodges v. Demchuk, 866 F. Supp. 730, 732 (S.D.N.Y. 1994) (citations omitted).

## II.   ANALYSIS

Plaintiffs contend that Arch Insurance Company and Arch Specialty's principal place of business is in New York, and that accordingly they may not remove this action. (Pltf. Br. (Dkt. No. 10) at 1) Arch Insurance Company and Arch Specialty allege in their Notice of Removal, however, that their principal place of business is Jersey City, New Jersey. (Notice of Removal (Dkt. No. 1) ¶¶ 8-9) "When the removal of an action to federal court is contested, 'the burden falls squarely upon the removing party to establish its right to a federal forum by competent proof.'" Stan Winston Creatures, Inc. v. Toys "R" Us, Inc., 314 F. Supp. 2d 177, 179 (S.D.N.Y. 2003) (quoting R.G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 655 (2d Cir.1979)).

In support of their argument that Arch Insurance Company and Arch Specialty have their principal place of business in New York, Plaintiffs cite, inter alia, the following excerpt from Defendants' website:

> Our insurance group consists of Arch Insurance Company, Arch Specialty Insurance Company, Arch Excess & Surplus Insurance Company and Arch Indemnity Insurance Company. Arch Insurance Group's executive offices are located at One Liberty Plaza in New York City, with regional offices located in New York City (Northeast Region), Atlanta (Southeast Region), Chicago (Central Region), San Francisco (Western Region) and Dallas (South Central Region). In addition, a number of other offices throughout the U.S. have been established to support our business. Our operations center is based in Jersey City, New Jersey.

(Arch Insurance Group Website Excerpts (Dkt. No. 10-1) at 1)

> [T]he Supreme Court [has] instructed lower courts to apply the "nerve center" test to determine where a corporation's principal place of business is located. See [Hertz Corp. v. Friend,] 559 U.S. 77, 80-81 (2010). Under the nerve center test, the principal place of business is "where a corporation's officers direct, control, and

4

coordinate the corporation's activities." Id. at 92-93. The nerve center "is a single place," usually a corporation's headquarters and always the "actual center" of "direction, control, and coordination." Id. at 93. Although the nerve center test is neither as clear-cut nor as simple to determine as the Supreme Court evidently intended, nonetheless, as subsequent courts have recognized, the test focuses on where a corporation's "high-level" decisions are made, not where day-to-day activities are managed. See, e.g., Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101, 106 (4th Cir. 2011).

St. Paul Fire & Marine Ins. Co. v. Scopia Windmill Fund, LP, 87 F. Supp. 3d 603, 605 (S.D.N.Y. 2015) (citations omitted).

Here, Arch Insurance Company and Arch Specialty have not offered evidence that that their principal place of business was in Jersey City, New Jersey when they filed their Notice of Removal on January 10, 2019. The only proof Defendants provide is an August 3, 2018 declaration from Carl Sullo, who was then Arch Insurance Company's Senior Vice President for Human Resources, Real Estate and Administrative Services. In his declaration – which was prepared in connection with an unrelated litigation – Sullo states that Arch Insurance Company's principal place of business is in Jersey City, New Jersey. (Dkt. No. 13-4) Sullo does not, however, address Arch Specialty's principal place of business. Moreover, Defendants have not offered evidence demonstrating their principal place of business as of January 10, 2019, when this case was removed. See Stan Winston Creatures, Inc., 314 F. Supp. 2d at 179–80 ("An action based on state law is removable to federal court . . . when none of the parties properly joined and served at the time of removal are residents of the forum state. . . ." (emphasis added)).

Because Defendants have not met their burden to demonstrate their right to a federal forum, this action must be remanded to state court.

## **CONCLUSION**

For the reasons stated above, Plaintiffs' motion to remand is granted. The Clerk of Court is directed to terminate the motion (Dkt. No. 10), transfer this matter to the Supreme Court of the State of New York, New York County, and close this case.

Dated: New York, New York
       August 30, 2019

SO ORDERED.

*Paul G. Gardephe*
Paul G. Gardephe
United States District Judge